UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| ANDREA K. PITTS | § |
| | § |
| v. | § CIVIL NO. 4:25-CV-528-SDJ |
| | § |
| SERRATO CORPORATION | § |
| d/b/a NORTH TEXAS JOBS CORPS | § |
| CENTER | § |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Serrato Corporation's Motion to Dismiss Count Three of Plaintiff's Complaint. (Dkt. #9). Serrato Corporation ("Serrato") did not move to dismiss counts one or two. Plaintiff Andrea K. Pitts did not respond to the motion. The Court, having considered the motion and the applicable legal authorities, concludes that the motion should be **GRANTED in part** and **DENIED in part**.

### I. Background

Pitts was previously employed as a career technical training manager by Serrato, in relation to Serrato's contract with the U.S. Department of Labor to operate the North Texas Job Corps Center ("NTJCC"). (Dkt. #1 ¶¶ 2, 13–14). Pitts began employment with the NTJCC in 1994, before Serrato took over operations, and continued to work there for twenty-nine years, until 2023, when Serrato terminated her employment. (Dkt. #1 ¶¶ 13–14).

Pitts claims that in 2022, another employee disclosed Pitts's confidential information to other Serrato employees in violation of company policy. (Dkt. #1 ¶ 17). Pitts filed a complaint, but the other employee was never disciplined. (Dkt. #1 ¶ 17).

1

Nearly a year after Pitts filed her complaint, she received a discipline notice after two other Serrato employees alleged that she had used inappropriate language during a meeting. (Dkt. #1 ¶¶ 18–19). Pitts denies using inappropriate language. (Dkt. #1 ¶ 18). Pitts then filed a second internal complaint with Serrato alleging that she was being discriminated against. (Dkt. #1 ¶ 20). Pitts alleges that Serrato failed to investigate that complaint. (Dkt. #1 ¶ 20). Approximately one month later, Serrato initiated a second discipline notice alleging that Pitts had disclosed confidential information in violation of company policy. (Dkt. #1 ¶ 20). Pitts denies that accusation. (Dkt. #1 ¶ 24). Serrato subsequently terminated Pitts's employment. (Dkt. #1 ¶ 20).

Pitts alleges that Serrato engaged in racial discrimination when she was "accused of disclosing confidential information," disciplined, and discharged. (Dkt. #1 ¶¶ 23–24). According to Pitts, this constituted racial discrimination because the other employee who disclosed confidential information, a Hispanic female, was not disciplined or discharged, but Pitts, a black female, was disciplined and discharged when similarly accused. (Dkt. #1 ¶¶ 17, 23–24). Pitts also argues that she engaged in protected activity when she filed an internal complaint of discrimination, and that Serrato retaliated against her when it terminated her employment nineteen days later. (Dkt. #1 ¶¶ 29–30). Pitts filed a charge of discrimination with the Equal Employment Opportunities Commission ("EEOC") based on racial discrimination and retaliation. (Dkt. #1 ¶ 5). Her claims were investigated, and the EEOC issued a right to sue letter. (Dkt. #1 ¶¶ 5–6). Subsequently, Pitts sued Serrato, alleging (1) race

2

discrimination, (2) retaliation, and (3) wrongful discharge, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (Dkt. #1 ¶¶ 23–34).

Serrato moved to dismiss Pitts's third count, wrongful discharge, pursuant to Federal Rule of Civil Procedure 12(b)(6), on the ground that Pitts failed to state a claim upon which relief may be granted. (Dkt. #9). Pitts did not respond to the motion to dismiss. Because Pitts did not respond, the Court presumes that she "does not controvert the facts set out by [Serrato] and has no evidence to offer in opposition to the motion." L.R. CV-7(d). But the Court does not grant the motion to dismiss solely based on Pitts's failure to respond; rather, it will evaluate the merits of Serrato's arguments. *See Webb v. Morella*, 457 F.App'x 448, 452 n.4 (5th Cir. 2012) (per curiam) (holding that it is improper for a district court to grant a motion to dismiss solely because a plaintiff fails to oppose the motion).

## II. LEGAL STANDARD

Rule 12(b)(6) allows a party to move for dismissal of a complaint when the plaintiff has failed to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a Rule 12(b)(6) motion, "[t]he court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). Under Federal Rule of Civil Procedure 8(a)(2), a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim is plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although a plaintiff is not required to establish a favorable probability that the defendant is liable, the plausibility standard demands "more than a sheer possibility." *Id.*

In assessing a motion to dismiss under Rule 12(b)(6), the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citations omitted). Legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. To determine whether the plaintiff has pled enough to cross the line "from conceivable to plausible," a court draws on its own "judicial experience and common sense." *Id.* at 679–80 (quotations omitted). This threshold is surpassed if the court determines that the plaintiff pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

### III. DISCUSSION

Count Three of Pitts's complaint, alleging wrongful discharge, must be dismissed for failure to state a claim upon which relief may be granted.

4

In Count Three, Pitts alleges that Serrato "wrongfully discharged and otherwise discriminated against [her] . . . which is an exception to the employment at will doctrine in Texas." (Dkt. #1 ¶ 34). There are very few exceptions to Texas's employment-at-will doctrine; usually, an employee may be terminated "at will, for good cause, bad cause, or no cause at all." *Montgomery Cnty. Hosp. Dist. v. Brown*, 965 S.W.2d 501, 502 (Tex. 1998). Wrongful discharge is such an exception, but it is "very narrow," applying only to "the discharge of an employee for the sole reason that the employee refused to perform an illegal act." *Sabine Pilot Serv., Inc. v. Hauck*, 687 S.W.2d 733, 735 (Tex. 1985). When alleging wrongful discharge, "it is the plaintiff's burden to prove by a preponderance of the evidence that [her] discharge was for no reason other than [her] refusal to perform an illegal act." *Id.*

Pitts's complaint does not include any allegation that Serrato asked her to perform any illegal act, that she refused to do so, or that she was terminated based on such refusal. Instead, Pitts simply realleges her first two counts in count three, stating that she "was subjected to adverse employment actions due to race and retaliation," and that Serrato "wrongfully discharged and otherwise discriminated against her." (Dkt. #1 ¶¶ 33, 34). Even if such facts were alleged, they would not be the "sole reason" Pitts was discharged, as she claims that retaliation was also "a factor in her termination of employment." (Dkt. #1 ¶ 30). Thus, Pitts has failed to plead sufficient facts to support a plausible claim of wrongful discharge. *See Twombly*, 550 U.S. at 570; *Sabine Pilot Serv.*, 687 S.W.2d at 735.

Pitts failed to respond to Serrato's motion to dismiss. Nor has she amended her complaint to allege facts that would support a freestanding wrongful discharge claim separate from her claims of discrimination and retaliation. Accordingly, the Court will grant the motion to dismiss this claim. However, the Court will give Pitts the opportunity to replead her wrongful discharge claim.

## IV. CONCLUSION

For the foregoing reasons, Defendant Serrato Corporation's Motion to Dismiss Count Three of Plaintiff's Complaint, (Dkt. #9), is **GRANTED in part** and **DENIED in part**. Pitts's claim for wrongful discharge is **DISMISSED without prejudice** pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

It is further **ORDERED** that Plaintiff Andrea K. Pitts may file an amended complaint pleading sufficient facts to support a claim for wrongful discharge by no later than **February 27, 2026**.

So ORDERED and SIGNED this 11th day of February, 2026.

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE